IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLE R. GREGORY, | ) CASE NO. 1:23-CV-0410 |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| vs. | ) |
| | ) MAGISTRATE JUDGE |
| | ) JONATHAN D. GREENBERG |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **REPORT & RECOMMENDATION** |

Plaintiff, Nichole R. Gregory ("Plaintiff" or "Gregory"), challenges the final decision of Defendant, Kilolo Kijakazi,[1] Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. § 423 *et seq*. ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I. PROCEDURAL HISTORY

In a decision dated January 3, 2005, the Commissioner found Gregory disabled due to ulcerative colitis and severe vertigo. (Tr. 118) Her disability onset date was established as September 10, 2002. (Transcript ("Tr.") at 11, 118) A continuing disability review in May 2012 found that Gregory remained disabled, but this time due to her mental health impairments. (Tr. 118-19) Another continuing disability review took place in 2019. At that time, it was determined that Gregory's disability ceased as of April 2,

---
[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security.

1

2019. (Tr. 120-37, 141, 145) The determination was upheld on reconsideration and Gregory requested a hearing before an administrative law judge ("ALJ"). (Tr. 172, 174)

On September 21, 2021 ALJ Pamela Loesel held a hearing during which Gregory, represented by counsel, testified. (Tr. 66-101) The ALJ also held a supplemental hearing on Gregory's claim on January 4, 2022, where Robert Breslin, a vocational expert, also testified. (Tr. 102-116) On January 27, 2022, the ALJ issued a written decision finding that Gregory was not disabled. (Tr. 8-32) The ALJ's decision became final on January 5, 2023, when the Appeals Council declined further review. (Tr. 1-7)

On March 1, 2023, Gregory filed her Complaint to challenge the Commissioner's final decision. (Doc. No. 1) On July 12, 2023, Gregory filed a motion to supplement the record and remand under 42 U.S.C. 405(g) "sentence six." (Doc. No. 6) The following week, she filed a second motion to supplement the record, which added argument and records to her first motion to supplement. (Doc. No. 8) Gregory also filed a merit brief. (Doc. No. 7) The Commissioner responded with its brief on the merits and opposition to Gregory's motions to supplement. (Doc. No. 10) Gregory then filed a reply. (Doc. No. 11) In her motions and merit brief, Gregory asserts that she has new and material evidence requiring a remand under sentence 6 of 42 U.S.C. 405(g) and that the ALJ's determination lacked substantial evidence.

## II. EVIDENCE

Gregory did not provide a fact section in her brief pursuant to the Court's order. (Doc. No. 3 at 3) Accordingly, the Court will address the medical and other evidence cited in the parties' arguments as part of its below analysis.

## III. STANDARD FOR DISABILITY

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process. 20 C.F.R. §§ 404.1520(a)(4) *and* 416.920(a)(4). *See also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant

2

must demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) *and* 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) *and* 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbot*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) *and* 416.920(d). Fourth, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) *and* 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), *and* 416.920(g).

## IV. SUMMARY OF COMMISSIONER'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated May 2, 2012. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following severe impairments: major depressive disorder and personality disorder. The claimant's major depressive disorder and personality disorder were found to result in the inability to handle the pressures of day-to-day work (Exhibit 4F and 5F).

3. Through the date of this decision, the claimant has not engaged in substantial gainful activity (20 CFR 404.1594(f)(1)).

4. The medical evidence establishes that, since April 2, 2019, the claimant has had the following medically determinable impairments: multiple sclerosis; ulcerative colitis;

3

      obesity; major depressive disorder in partial remission; generalized anxiety disorder and social anxiety; cervical lymphadenitis; hypertension; nicotine abuse; pulmonary hypertension; gastroesophageal reflux disease; rotator cuff syndrome of the left shoulder; headaches; chronic insomnia; tinea pedis of the left foot; and vitamin D deficiency. These are the claimant's current medically determinable impairments.

5. Since April 2, 2019, the claimant has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

6. Medical improvement occurred on April 2, 2019 (20 CFR 404.1594(b)(1)).

7. Since April 2, 2019, the severe impairments present at the time of the CPD decreased in medical severity to the point where the claimant has had the residual functional capacity to perform simple routine tasks, consistent with unskilled work, with no fast pace or high production quotas, and with superficial interaction with others (meaning of a short duration for a specific purpose). The claimant can perform low stress work, meaning no arbitration, negotiation, responsibility for the safety of others, and/or supervisory responsibility.

8. The claimant's medical improvement is related to the ability to work because it resulted in an increase in the claimant's residual functional capacity (20 CFR 404.1594(c)(3)(ii)).

9. Since April 2, 2019, the claimant has continued to have a severe impairment or combination of impairments (20 CFR 404.1594(f)(6)).

10. Based on the impairments present since April 2, 2019, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is able to occasionally lift and carry 20 pounds and frequently lift and carry ten pounds, is able to stand and walk for six hours of an eight-hour workday and is able to sit for six hours of an eight-hour workday. The claimant has unlimited push and pull other than shown for lift and/or carry. She can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch and crawl. The claimant must avoid all exposure to hazards, including unprotected heights and heavy machinery. She can perform simple routine tasks, consistent with unskilled work, with no fast pace or high production quotas, and with superficial interaction with others (meaning of a short duration for a specific purpose). The claimant can perform low stress work, meaning no arbitration, negotiation, responsibility for the safety of others, and/or supervisory responsibility.

11. The claimant has no past relevant work (20 CFR 404.1565).

12. On April 2, 2019, the claimant was a younger individual age 18-49 (20 CFR 404.1563). The claimant was born on September 13, 1979 and was 39 on April 2, 2019.

13. The claimant has at least a high school education (20 CFR 404.1564).

14. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

15. Since April 2, 2019, considering the claimant's age, education, work experience, and residual functional capacity based on the impairments present since April 2, 2019, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c) and 404.1566).

16. The claimant's disability ended on April 2, 2019, and the claimant has not become disabled again since that date (20 CFR 404.1594(f)(8)).

(Tr. 13-25)

## V. STANDARD OF REVIEW

"The Social Security Act authorizes narrow judicial review of the final decision of the Social Security Administration (SSA)." *Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165 at * 2 (6th Cir. April 1, 2011). Specifically, this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence has been defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Review of the Commissioner's decision must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The findings of the Commissioner are not subject to reversal, however, merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir.2001) (citing *Mullen v. Bowen*, 800

5

F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir.1996)); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D.Ohio July 9, 2010).

## VI. ANALYSIS

In her merit brief, Gregory argues that additional evidence entitles her to a sentence six remand, that the ALJ failed to obtain medical records, and that the ALJ's determination is not supported by

substantial evidence. (Doc. No. 7 at 1-2)

### A. Gregory is not entitled to a Sentence Six Remand

Gregory argues that she is entitled to a "sentence six" remand based on additional evidence that was not before the ALJ. "When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g)." *Osborne v. Comm'r of Soc. Sec.,* No. 1:08CV49, 2009 WL 321605, at *6 (W.D. Mich. Feb. 10, 2009) (*citing Sizemore v. Secretary of Health and Human* Servs., 865 F.2d 709, 711 (6th Cir.1988)). In a sentence six remand, the plaintiff has the burden to demonstrate that the evidence she now presents in support of a remand is "new" and "material" and that there was "good cause" for her failure to present it in the prior proceedings. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *see also Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276-277 (6th Cir. 2010) (although the evidence that the claimant sought to introduce was "new," the claimant failed to meet her burden of showing "good cause" for failure to submit it and that the evidence was "material."). Evidence is new "only if it was not in existence or available to the claimant at the time of the administrative proceeding"; material "only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence"; and a claimant shows good cause "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id*. at 276 (quoting *Foster*, 279 F.3d at 357 (internal quotations omitted)). A sentence six remand is not appropriate to consider evidence that a claimant's condition worsened after the administrative hearing. *Walton v. Astrue*, 773 F. Supp. 2d 742, 753 (N.D. Ohio Jan. 18, 2011) (citing *Wyatt v. Sec'y of Health & Human Servs*., 974 F.2d 680, 685 (6th Cir. 1992)).

It is Gregory's burden to demonstrate that she meets each of these statutory requirements for the

additional records she seeks to submit. *See Ferguson v. Commissioner*, 628 F.3d 269, 279 (6th Cir.2010). In her sentence six remand request, Gregory submits treatment notes from 2019-2023. Some of the treatment notes are dated prior to the ALJ hearing and some records postdate the ALJ hearing. Each group will be discussed in turn.

### Prehearing Records (2019-2021)

Gregory submits some records that predate the most recent ALJ hearing in January 2022. However, Gregory fails to meet her burden to demonstrate that her prehearing records meet the requirements for a sentence six remand because Gregory has not established that these records are (1) new, (2) that she had good cause for failing to submit the records, or (3) that the records are material.

1. **New**

As the Sixth Circuit has explained, "evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) The 2019-2021 records were clearly in existence prior to the hearing. Gregory's most recent administrative hearing was held on January 4, 2022. (Tr. 11) Thus, the 2019-2021 records were in existence prior to the January 2022 hearing. Evidence in existence at the time of the hearing is not new. *See e.g., Holewinski v. Comm'r of Soc. Sec.*, No. 3:22-CV-00199-JGC, 2023 WL 4071830, at *4 (N.D. Ohio June 20, 2023) (evidence not "new" where it was in existence at the time of the ALJ hearing); *Helwagen v. Comm'r of Soc. Sec.*, No. 5:22-CV-01467, 2023 WL 3727253, at *13 (N.D. Ohio Apr. 20, 2023), report and recommendation adopted, No. 5:22CV1467, 2023 WL 3726575 (N.D. Ohio May 30, 2023) ("records pre-dating the ALJ's decision would not be considered 'new' ")

Records can also be deemed new if they were not available to claimant at the time of the proceeding. However, Gregory fails to argue unavailability in either of her motions to supplement or her

8

merit brief. Thus, any such argument is waived. "[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.' " *See, e.g., Kennedy v. Comm'r of Soc. Sec.,* 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (same).

Assuming *arguendo*, that Gregory made an unavailability argument, the argument would be unconvincing. As noted in the motions to supplement, these records were "available" to Gregory via an online portal. (Doc. No. 8 at 1) Further, any mistakes by Gregory's counsel in obtaining the records would not render them "unavailable." When Gregory's counsel inquired, Mercy Health stated it had no records for Gregory between January 2016 and March 2021. (Doc. No. 6 at 1; Doc. No. 6-1 at 2-3) However, the administrative record contained some evidence from Mercy Health during this time period (Tr. 595-604) and, thus, Gregory or her counsel should have been on notice that an additional inquiry to Mercy Health was warranted. (Doc No. 10 at 12) Although counsel attempts to put the onus on the ALJ in this situation, "[t]he burden of providing a complete record, however, rests on the claimant." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) Gregory has provided no caselaw that these factual circumstances constitute unavailability under the statute. Conversely, there is some caselaw to the contrary. *See e.g., Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002) (evidence counsel failed to obtain prior to hearing did not constitute "new" evidence as it was "in existence at the time of the hearing, but was not produced for whatever reasons."); *Kari P. v. Comm'r of Soc. Sec.,* No. 1:20-CV-531, 2021 WL 5866722, at *10 (S.D. Ohio Dec. 11, 2021) (finding counsels' failure to obtain report prior to ALJ hearing did not make report "unavailable" for purpose of a sentence six remand).

It is Gregory's burden to establish the evidence is "new." 42 U.S.C. § 405(g); *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001) (citing *Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 110

L.Ed.2d 563 (1990)). Where a claimant fails to do so, the Court cannot consider these records for the purpose of a Sentence Six remand. *See e.g. Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1019 (E.D. Mich. 2021) ("Because Plaintiff was required to establish that the evidence was 'new' and did not address that element in her Motion, Plaintiff's Complaint will be dismissed.") Further, "[p]er sentence six, the 'good cause' inquiry only occurs once a Plaintiff can establish that the evidence is 'new.' 42 U.S.C. § 405(g)." *Holewinski,* 2023 WL 4071830, at *4. Since Gregory has not established that the 2019-2021 records are new, the sentence six remand inquiry ends and the Court does not move on to the "good cause" inquiry.

2. **Good Cause**

For the reasons stated above, Gregory waived/failed to meet her burden establishing that the prehearing records are "new." Nonetheless, even if she had established that the records are new, she has not demonstrated "good cause" for her failure to submit the records. Good cause under sentence six, requires she demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. Gregory has not done so here.

Gregory argues that good cause exists to excuse the untimely submission of her prehearing records because on March 4, 2021, her counsel requested Mercy Health provide Gregory's medical records from "January 2016 to present" and Mercy Health replied that it had no records for Gregory from that period of time. (Doc. No. 6-1 at 2-3) As counsel notes, Mercy's response was inaccurate because the administrative record contained some treatment records from Mercy through at least 2019. (Doc. No. at 15, Tr. 595-604) Given that some 2019 Mercy Health treatment notes were in the record, counsel's failure to identify and follow up on Mercy Health's error, does not constitute "good cause" under sentence six. Counsel admits that when he was later "reviewing the transcript in more detail" for the purpose of filing Gregory's merit brief in this Court, he noticed the error. (Doc. No. 7 at 15-16) The

fact that counsel failed to undertake a more thorough review prior to the hearing, rather than now, does not constitute "good cause" under sentence six. Gregory cites no authority in support of her "good cause" argument. Conversely, courts in this circuit regularly find that attorney error does not constitute "good cause" in this context. *Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002); ("there is absolutely no statutory or decisional authority for [claimant's] unstated, but unmistakable, premise that the alleged incompetence of [counsel] constitutes good cause."); *see also Reyna v. Comm'r of Soc. Sec.,* No. 17-CV-12762, 2018 WL 5255263, at *4 (E.D. Mich. Aug. 22, 2018), report and recommendation adopted, No. 17-CV-12762, 2018 WL 4443177 (E.D. Mich. Sept. 18, 2018) ("attorney's incompetence does not constitute good cause."); *McClimans v. Comm'r of Soc. Sec. Admin.*, No. 4:14CV2751, 2016 WL 1031110, at *11 (N.D. Ohio Mar. 15, 2016) ("any implication that Plaintiff's failure to obtain the medical source statements prior to the hearing was due to attorney incompetence has no bearing on the good cause requirement."); *Nieves v. Comm'r of Soc. Sec.,* No. 1:10 CV 2864, 2012 WL 911881, at *5 (N.D. Ohio Mar. 16, 2012) (same); *Kendall v. Astrue*, No. CIV.A. 2:10-263-DCR, 2011 WL 4388794, at *5 (E.D. Ky. Sept. 20, 2011) (counsel mistake did not constitute good cause); *Jarboe v. Astrue*, No. CIV. 09-88-ART, 2010 WL 567385, at *6 (E.D. Ky. Feb. 12, 2010) ("Attorney failure does not constitute good cause.")

Gregory has not demonstrated "good cause" for her failure to submit the prehearing treatment records. Where a claimant has not demonstrated good cause, a sentence six remand should be denied regardless of the materiality of the documents. *Newsome v. Comm'r of Soc. Sec*., 528 F. Supp. 2d 733, 736 (W.D. Mich. 2007) ("Newsome's failure to show good cause alone is reason enough to deny a sentence-six remand, without even considering the probability that the proffered evidence would have caused the ALJ to reach a different conclusion.")

11

### 3. Materiality

As explained above, Greg has failed to show that the prehearing documents are "new" and has not demonstrated "good cause" for failing to submit the documents to the ALJ. Sentence six remand can be denied for either reason alone. Nonetheless, for the purpose of thoroughness in this report, the Court will review the issue of materiality.

Although Gregory argues that the prehearing records are "material," she fails to make clear how. Gregory does not refer to any of the unsubmitted prehearing records in the materiality argument of her merit brief. (Doc. No. 16-17) In her second motion to supplement the record, Gregory refers to a previously unsubmitted July 2021 treatment note that she reported 3-4 loose stools a day, mostly postprandial. (Doc. No. 8 at 2) Gregory states this is "consistent with her ALJ hearing testimony about how she is cautious about eating before she goes out in public." (*Id.*) However, this evidence falls far short of demonstrating "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357

The ALJ acknowledged Gregory's Ulcerative Colitis ("UC") and reported digestive complaints, including the consultative exam and other treatment notes where Gregory stated she was experiencing loose stools. (Tr. 18-21, 555) Nonetheless, the ALJ noted Gregory had limited UC treatment (i.e., did not take medication for UC for five years) and had no flare ups for several years. (*Id.*) The ALJ also noted frequent reports that Gregory's UC symptoms were "well controlled." (Tr. 21, citing Tr. 602-03) Thus, one additional prehearing treatment note reporting loose stools shortly after eating does not demonstrate "a reasonable probability" that a different disposition would have been reached.

Gregory has not met her burden showing good cause, materiality, or that the records are new. Accordingly, remand on the prehearing evidence Gregory now submits is not warranted.

**Post-hearing Records**

Unlike the prehearing records, record postdating the ALJ hearing are arguably new as they were not in existence prior to the ALJ hearing. *See e.g., Stephen B. v. Comm'r of Soc. Sec.,* No. 3:21-CV-00227, 2023 WL 1462821, at *9 (S.D. Ohio Feb. 2, 2023) (finding records were "clearly 'new' because they were generated after the administrative hearing and the issuance of the ALJ's decision."); *Jenkins v. Comm'r of Soc. Sec.,* No. CV 22-10931, 2022 WL 18635599, at *7 (E.D. Mich. Nov. 28, 2022), *report and recommendation adopted*, No. CV 22-10931, 2023 WL 34611 (E.D. Mich. Jan. 4, 2023) (finding evidence post-dating ALJ decision was "new" for purposes of sentence six remand); *see also Walton v. Astrue,* 773 F. Supp. 2d 742, 752 (N.D. Ohio 2011) ("report [that] did not exist at the time of the administrative proceeding" was "arguably new evidence.") Nonetheless, Gregory is not entitled to a sentence six remand on the basis of the new post-hearing evidence because she has not shown "good cause" or "materiality" as required under the statue.

1. **Good Cause**

Gregory states that she has good cause to justify her failure to submit the post-hearing records— they did not exist prior to the hearing. (Doc. No. 7 at 17) However, the Sixth Circuit has instructed that "good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. *Perkins v. Apfel*, 14 Fed.Appx. 593, 598–99 (6th Cir.2001) (finding that the fact that evidence post-dated ALJ decision did not establish good cause); *Oliver v. Sec'y of Health & Human Servs*., 804 F.2d 964, 966 (6th Cir.1986) (stating that the Sixth Circuit "has taken a harder line on the good cause test" and requiring claimant to do more than show the records were prepared after the final decision); *See also Elms v. Comm'r of Soc. Sec.,* No. 16-10180, 2017 WL 4120097, at *8 (E.D. Mich. Sept. 18, 2017) (finding records that post-date the ALJ's decision by six months do not justify remand). Here, Gregory has not established "good cause" for consideration of the post-hearing records because her sole

13

justification (i.e., that the records post-date the ALJ's decision) is insufficient standing alone and she has provided no additional justification.

Where a claimant has not demonstrated good cause, a sentence six remand should be denied regardless of the materiality of the documents. *Newsome v. Comm'r of Soc. Sec.*, 528 F. Supp. 2d 733, 736 (W.D. Mich. 2007) ("Newsome's failure to show good cause alone is reason enough to deny a sentence-six remand, without even considering the probability that the proffered evidence would have caused the ALJ to reach a different conclusion.")

### 2. Materiality

Assuming *arguendo* that Gregory established "good cause," Gregory fails to demonstrate "materiality." Evidence is material if there is a reasonable probability that the ALJ would have reached a different disposition had he been presented with the evidence. *Ferguson*, 628 F.3d at 276. First, Gregory points to an April 2022 colonoscopy that showed two polyps were removed. (Doc. No. 7 at 16) Gregory asserts that the colonoscopy demonstrates that her UC has not improved, "[i]f anything, it is worsening." (*Id.*) However, Gregory's own physician contradicts this claim. In interpreting the April 2022 colonoscopy, Gregory's physician stated,

> Last colonoscopy 4/1/2022 with normal colonic mucosa throughout, and a couple flat polyps (hyperplastic), random colon biopsies with normal colonic mucosa, no evidence of active colitis.

(Doc. No. 8-1 at 64) Thus, Gregory's argument that the polyp removal shows her UC is worsening is contradicted by her physician's interpretation of the colonoscopy which states "no evidence of active colitis." Accordingly, there is not a reasonable probability the ALJ would have reached a different conclusion based on the evidence. Moreover, to the extent the colonoscopy, or any of the records discussed below, demonstrate a worsening after the hearing, sentence six remand would not be appropriate. *Walton v. Astrue*, 773 F. Supp. 2d 742, 753 (N.D. Ohio Jan. 18, 2011) (citing *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("It is well established that a Sentence Six

remand is not appropriate to consider evidence that a claimant's condition worsened after the administrative hearing.")

In addition to the colonoscopy, Gregory argues that her increased smoking demonstrates her UC symptoms have gotten worse. (Doc. No. 7 at 16) In support, Gregory points to several online medical articles to suggest that smoking can provide short-term relief of UC symptoms. (*Id.*) This argument is highly speculative and there is no reasonable probability that the Commissioner would have reached a different result had this evidence been submitted during the administrative process. Gregory also suggests that the addition of mesalamine/apriso to her medication regime in May 2023 (Doc. No. 6-2 at 2) suggests her UC is worsening. (Doc. No. 7 at 17) As noted above, evidence of a worsening condition is not a proper basis for a sentence six remand. To the extent this evidence speaks to the state of Gregory's UC at the time of the hearing, the ALJ considered such evidence. In a June 2019 treatment note, it was stated that Gregory was taking mesalamine. (Tr. 602) The ALJ considered that treatment noted and highlighted it when determining that Gregory received "minimal treatment" for UC. (Tr. 21) Finally, Gregory's motions to supplement also highlight a few post-hearing treatment notes. These included a January 2022 note that states Gregory is "doing well overall" with a report of three loose stools a day and July 2022 note recording an improvement in Gregory's fecal consistency (i.e., no loose stools). (Doc. No. 8 at 2-3) These notes are not material.

None of the post hearing evidence Gregory has presented, alone or in combination, demonstrates a reasonable probability that if the evidence was considered the ALJ would have reached a different result.

B. **Substantial Evidence Supports the ALJ's Determination**

In addition to her sentence six argument, Gregory argues that the ALJ's decision lacks substantial evidence. Gregory contends that the ALJ's determination that Gregory's UC was "well

15

controlled" was not supported. (Doc. No. 7 at 13-14) Gregory argues that the evidence only demonstrated "short term" relief of her UC symptoms. (Doc. No. 7 at 13-14) Gregory's argument is unconvincing.

The ALJ found that an RFC for a range of light work accounted for Gregory's UC and other impairments. (Tr. 18, 21) The ALJ acknowledged Gregory's reported gastric symptoms, but found that the alleged disabling limitations of these symptoms was not fully consistent with or supported by the record. (Tr. 18) For example, the ALJ noted that in February and March 2019, Gregory's UC was reported as in remission with no flare ups for several years and Gregory had not been on UC medication for five years prior. (Tr. 19, 555) The ALJ also noted that although Gregory sought treatment for UC in May 2019, her June 2019 follow-up described her symptoms as "well controlled." (Tr. 20, 596-97, 601) In September 2019, Gregory reported not taking any medication and it was noted that Gregory's UC was in remission "over the last 8 to 10 years." (Tr. 21, 642) Although Gregory points to her reports of loose stools, the ALJ considered that evidence and it does not negate the evidence relied upon by the ALJ. The Court must defer to an ALJ's findings if they are supported by substantial evidence, even if substantial evidence also supports the opposite conclusion. *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 604-05 (6th Cir. 2009); *see also O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. Aug 7, 2020) (*quoting Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)) ("the Commissioner's decision still cannot be overturned "so long as substantial evidence also supports the conclusion reached by the ALJ."). Moreover, as the Sixth Circuit has explained, "an administrative law judge's credibility findings are virtually unchallengeable absent compelling reasons. *Shepard*, 705 Fed. Appx. at 442. Gregory presents no such compelling reasons here and substantial evidence supports the ALJ's determination regarding Gregory's UC.

### C. ALJ did not procure records

Finally, in her merit brief, Gregory also argues that the ALJ is at fault for failing to procure the additional records she now seeks to submit under a sentence six remand. However, there are several

problems with Gregory's argument. First, the cases that Gregory cites (*Brewer* and *Lashley*) involve an ALJ's heightened duty with respect to unrepresented plaintiffs. (Doc. No. 7 at 12 citing *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048 (6th Cir. 1983) and *Brewer v. Comm'r of Soc. Sec.,* No. 5:16-CV-137, 2016 WL 7634431, at *10 (N.D. Ohio Dec. 12, 2016). Here, Gregory was represented by counsel. In addition, even if an ALJ fails to fully develop the record, a claimant must show "the additional information the ALJ should have obtained could have impacted the outcome of the ALJ's decision." *Jenkins v. Kijakazi*, No. 3:22-CV-72-JEM, 2023 WL 2656537, at *5 (E.D. Tenn. Mar. 27, 2023) Here, the Court has determined that the evidence is not material to the ALJ's decision. Accordingly, Gregory has not shown that the ALJ erred in failing to procure additional records.

### D. Motions to Supplement

As noted earlier, in addition to her merit brief, Gregory filed two motions to supplement the record (Doc. Nos. 6, 8). However, "the court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate." *Blank v. Comm'r of Soc. Sec.,* No. 1:10-CV-987, 2013 WL 364017, at *3 (W.D. Mich. Jan. 30, 2013) *citing Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir.2007); *Foster v. Halter*, 279 F.3d at 357. In the above analysis, the Court has considered the evidence and argument submitted in the motions to supplement and determined sentence six remand is not appropriate. Accordingly, Gregory's motions to supplement (Doc. Nos. 6, 8) are DENIED.

## VII. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED. Further, Gregory's two motions to supplement (Doc. Nos. 6, 8) are DENIED.

Date: October 25, 2023

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**