**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLE R. GREGORY, | ) | CASE NO. 1:23-cv-410 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| KILOLO KIJAKAZI, <br> *Acting Comm'r of Soc. Sec.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

On March 1, 2023, Plaintiff Nichole R. Gregory (Plaintiff) filed her Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for a Period of Disability (POD) and Disability Insurance Benefits (DIB). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On October 25, 2023, Magistrate Judge Jonathan D. Greenberg issued his Report and Recommendation recommending that the Court AFFIRM the Commissioner's decision. (R. 12). Plaintiff filed objections within the fourteen-day deadline. (R. 13). The Commissioner filed a response. (R. 14).

For the reasons below, Plaintiff's objections (R. 13) are OVERRULED and the Report and Recommendation (R. 12) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

### A. Background

Plaintiff's Brief on the Merits set forth the following assignments of error: (1) the ALJ's residual functional capacity (RFC) determination is unsupported by substantial evidence; (2) the ALJ failed to obtain all the medical records of Gregory's ulcerative colitis (UC) that she could have obtained by the time of hearing; and (3) the matter should be remanded pursuant to "sentence six" of 42 USC 405(g). (R. 7). Plaintiff also filed two separate motions to supplement the record and for a sentence six remand. (R. 6 & 8). With respect to evidence predating the January 2022 hearing, the R&R determined that Plaintiff was not entitled to a sentence six remand because said evidence was neither "new" nor "material," and Plaintiff failed to show good cause for not submitting those records. (R. 12, PageID# 891-896). With respect to evidence post-dating the January 2022 hearing, the R&R conceded that such evidence was "new" but that Plaintiff had not demonstrated "good cause" or shown that said evidence was "material." *Id*. at PageID# 896-898. The R&R also determined that the RFC was supported by substantial evidence. *Id*. at PageID# 898-899. Finally, the R&R determined the ALJ did not have a heightened duty to develop the record and that Plaintiff had failed to show the missing evidence was material to the ALJ's decision. *Id*. at PageID# 899-90.

### B. Objections

Despite their length, Plaintiff's objections to the R&R largely reflect a mere disagreement with the Magistrate Judge's resolution of the issues raised rather than citing any actual error in the R&R's resolution of the assignments of error raised. (R. 13).[1] As stated above, general

---

[1] The R&R had observed that "Gregory did not provide a fact section in her brief pursuant to the Court's order. (Doc. No. 3 at 3)." Indeed, half of Plaintiff's objections brief is spent belatedly

objections that merely restate the objecting parties previous argument and voice mere disagreement with a magistrate judge's suggested resolution—have "the same effects as would a failure to object." *Austin*, 2021 WL 1540389 at *4; *see also United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.") In other words, Plaintiff has not identified any deficiency in the Magistrate Judge's application of relevant rules, regulations, precedent, or statutes, but merely suggests that the Magistrate Judge "made the same mistake" as the ALJ or "mischaracterized" Plaintiff's condition. (R. 13, PageID# 913-914).

**1. Sentence Six Remand**

With respect to the R&R's determination that a sentence six remand was unwarranted, Plaintiff fails to lodge any actual objections with respect to this determination. Although the facts section of Plaintiff's objections mentions counsel's difficulties obtaining Plaintiff's medical records and the R&R's rejection of Plaintiff's sentence six argument (R. 12, PageID# 912), the brief's argument section does not make any mention of sentence six, let alone identify any perceived error with the Magistrate Judge's resolution of the issue. As indicated above, the R&R's resolution of this issue rested in large part on the determination that the missing records were not material to the ALJ's decision. Plaintiff's failure to object to this portion of the R&R has resulted in a waiver of any argument with respect to the sentence six determination or the underlying determination that the missing records were not material.[2]

---

attempting to remedy that shortcoming.

[2] It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *See, e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003)

4

**2. The Supportability of the RFC Determination**

Turning to the RFC determination issue, Plaintiff's objections vary somewhat from the position she took in her initial brief. In her brief on the merits, Plaintiff argued that there was "no substantial evidence that [her] ulcerative colitis has improved," and cited her own hearing testimony regarding her frequent and urgent diarrhea as proof of lack of improvement. (R. 7, PageID# 791). The Magistrate Judge addressed this argument as follows:

> The ALJ found that an RFC for a range of light work accounted for Gregory's UC and other impairments. (Tr. 18, 21) The ALJ acknowledged Gregory's reported gastric symptoms, but found that the alleged disabling limitations of these symptoms was not fully consistent with or supported by the record. (Tr. 18) For example, the ALJ noted that in February and March 2019, Gregory's UC was reported as in remission with no flare ups for several years and Gregory had not been on UC medication for five years prior. (Tr. 19, 555) The ALJ also noted that although Gregory sought treatment for UC in May 2019, her June 2019 follow-up described her symptoms as "well controlled." (Tr. 20, 596-97, 601) In September 2019, Gregory reported not taking any medication and it was noted that Gregory's UC was in remission "over the last 8 to 10 years." (Tr. 21, 642) Although Gregory points to her reports of loose stools, the ALJ considered that evidence and it does not negate the evidence relied upon by the ALJ. The Court must defer to an ALJ's findings if they are supported by substantial evidence, even if substantial evidence also supports the opposite conclusion. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604-05 (6th Cir. 2009); *see also O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. Aug 7, 2020) (*quoting Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)) ("the Commissioner's decision still cannot be overturned "so long as substantial evidence also supports the conclusion reached by the ALJ."). Moreover, as the Sixth Circuit has explained, "an administrative law judge's credibility findings are virtually unchallengeable absent compelling reasons. *Shepard* [*v. Comm'r of Soc. Sec.*,] 705 Fed. App'x [435,] at 442 [6th Cir. 2017)], Gregory presents no such compelling reasons here and substantial evidence supports the ALJ's determination regarding Gregory's UC.[3]

---

(*citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant).

[3] Numerous court decisions have continued to adhere to *Shepard*'s caution that credibility findings are virtually unchallengeable absent compelling reasons—even after the adoption of Social Security Ruling (SSR) 16-3p, which eliminated "the use of the word credibility . . . to

5

(R. 12, PageID# 899).

Plaintiff's objections slightly diverge from her initial brief by moving beyond the argument that there was "no substantial evidence" of improvement in UC, and instead arguing that the ALJ should have credited her testimony—"[t]he ALJ and Magistrate Judge both made the same mistake by equating Gregory's ulcerative colitis being 'under control' with having no loose stool or diarrhea symptoms at all." (R. 13, PageID# 913).

First, Plaintiff incorrectly construes the Magistrate Judge's finding, which merely determined that there was substantial evidence supporting the RFC determination. (R. 12, PageID# 899).[4] By citing some of the evidence upon which the ALJ reasonably relied, the Magistrate Judge was not weighing the evidence or making factual findings. The R&R correctly noted that a court must defer to an ALJ's findings if they are supported by substantial evidence, even if substantial evidence also supports the opposite conclusion. While it is possible a different ALJ could have drawn different conclusions based on the same evidence, including Plaintiff's testimony, that does not furnish a basis for remand.

---

clarify that the subjective symptoms evaluation is not an examination of an individual's character." *Butler v. Comm'r of Soc. Sec.*, No. 5:16cv2998, 2018 U.S. Dist. LEXIS 44551, 2018 WL 1377856, at *12 (N.D. Ohio, Mar. 19, 2018) (Knepp, M.J.) (*quoting Dooley v. Comm'r of Soc. Sec.*, 656 Fed. App'x 113, 119 n.1 (6th Cir. 2016)). The Court declines to engage in verbal gymnastics to avoid using the term "credibility" where usage of that term is most logical.

[4] To the extent Plaintiff perceives any dissonance in the R&R, it would be the byproduct of Plaintiff essentially rolling three arguments into one without meaningful differentiation. While ostensibly challenging whether substantial evidence supports the RFC finding, Plaintiff also challenges whether there has been improvement in her UC, and includes an undeveloped argument concerning SSR 16-3p, essentially urging the Court to find her subjective reporting of her diarrhea symptoms credible and consistent with the record. However, a court's role in considering a social security appeal does *not* include reviewing the evidence *de novo*, reweighing the evidence, **or making credibility determinations**. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (emphasis added).

Plaintiff argues that while her UC "comes and goes" her unpredictable diarrhea remains. She posits that her bowel issues would cause her to be off-task eight to ten percent of the day, which would render her unemployable according to the vocational expert's testimony. (R. 13, PageID# 912-916). However, Plaintiff's argument fails because Plaintiff's off-task frequency is based only on her own reports and testimony. While the ALJ acknowledged that Plaintiff has claimed, in relevant part, that "she has fecal urgency, incontinence, difficulty focusing, anxiety, and extreme fatigue," the ALJ expressly found that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms are not fully consistent with the overall record." (Tr. 20-21).

As correctly noted in the R&R, an ALJ's credibility finding is virtually unchallengeable absent compelling reasons. (R. 12, PageID# 889, citing *Shepard*, 705 Fed. App'x at 442). Here, Plaintiff has failed to set forth any compelling reasons for the Court to find error in the ALJ's determination, nor has she identified any legal error. Plaintiff's argument that "[t]he only inconsistency in the record is Gregory's June 21, 2019 doctor visit, when it was stated that her symptoms were 'well controlled' is inaccurate, as the R&R identifies numerous other pieces of evidence that support the ALJ's finding. (R. 12, *citing* Tr. 555, 596-97, 601, 642). Plaintiff's belief that the ALJ "overemphasized [her June 21, 2019] doctor visit to downplay Gregory's many other symptoms over many years" is an insufficient basis for setting aside the ALJ's credibility finding and ordering a remand.

### 3. Duty to Develop the Record

In her final objection, Plaintiff asserts the that "[r]egardless of the claimant's responsibility to present medical records, the ALJ still has a duty to fully develop the claimant's medical history before making an RFC determination." (R. 13, PageID# 916). The Court notes

7

that Plaintiff's objection does not actually identify any shortcoming with respect to the ALJ's determination, and merely restates her initial argument but with greater detail. Plaintiff's argument in her objections is approximately double in length of her original argument in her brief on the merits. Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the [Magistrate Judges] Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (*quoting Howard*). Without identifying why she believes the R&R was wrong, Plaintiff's objections are not sufficiently specific.

Moreover, the Court is in complete agreement with the R&R. It is well established in the Sixth Circuit that the claimant—not the ALJ—has the burden to produce evidence to support the disability claim. *See, e.g., Hall v. Sec'y of HHS*, 869 F.2d 1490, 1989 WL 16855, at *2 (6th Cir. 1989) (TABLE, text in WESTLAW); *Landsaw v. Sec'y of HHS*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)); *Kafantaris v. Berryhill*, No. 1:17CV568, 2018 U.S. Dist. LEXIS 33588, 2018 WL 1157762, at *23 (N.D. Ohio Feb. 2, 2018), *adopted by*, 2018 U.S. Dist. LEXIS 33575, 2018 WL 1122123 (N.D. Ohio Mar. 1, 2018) (citing cases). A special, heightened duty requiring the ALJ to develop the record only exists when the plaintiff is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. App'x 456, 459 (6th Cir. 2008); *Staymate*

*v. Comm'r of Soc. Sec.*, 681 Fed. App'x 462, 468 (6th Cir. 2017) (finding claimant's argument—that an ALJ had a "heightened" duty to develop the record where the claimant suffered from a mental impairment—unpersuasive due to claimant being represented by counsel). Here, the ALJ had no heightened duty as Plaintiff was represented by counsel.

Furthermore, the R&R specifically noted that Plaintiff's counsel requested his client's records on March 4, 2021 from Mercy Health for all medical records from "January 2016 to present," but that Mercy Health replied that it had no records for that period of time. (R. 12, PageID# 893). However, as some of Plaintiff's 2019 Mercy Health treatment notes were already in the record, Plaintiff and counsel were on notice that more records existed, but failed to follow up on this discrepancy, which Plaintiff apparently only noticed while preparing the brief on the merits for this Court. (R. 12, PageID# 893-894). The Court declines to impose a heightened duty on the ALJ to develop the record in this context.

Finally, the R&R noted that even where an ALJ fails to fully develop the record, a claimant must show "the additional information the ALJ should have obtained could have impacted the outcome of the ALJ's decision." (R. 12, PageID# 90, *quoting Jenkins v. Kijakazi*, No. 3:22-CV-72-JEM, 2023 WL 2656537, at *5 (E.D. Tenn. Mar. 27, 2023)). Here, the R&R explicitly found that the evidence Plaintiff wished to procure was not "material" when addressing Plaintiff's sentence six remand argument. As stated above, Plaintiff did not object to that finding or the R&R's materiality finding. As such, Plaintiff has waived any argument that the new records, which she contends the ALJ should have obtained, could have impacted the outcome of the ALJ's decision. Accordingly, Plaintiff's objection is not well taken.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the

above-referenced standard, as well as the ALJ's decision, and agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's Report and Recommendation (R. 12) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

March 27, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge